IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KIRBY INLAND MARINE, LP** | § § § | |
| **Plaintiff** | § | |
| vs. | § § | C.A. 4:12-cv-591 |
| M/V VEREINA, her equipment, tackle, and appurtenances, etc., *In Rem*, Keybridge Shipping LTD *In Personam*, and COLUMBIA Shipmanagement (Deutschland) GmbH *In Personam* | § § § § § § § § | In Admiralty Pursuant to Rule 9(h) |
| **Defendant** | § | |

## VERIFIED COMPLAINT

Comes Now, Kirby Inland Marine, LP, Plaintiff, complaining of the M/V VEREINA, *In Rem*, and Keybridge Shipping LTD, *In Personam*, and COLUMBIA Shipmanagement (Deutschland) GmbH, *In Personam*, Defendants, and would respectfully show this Honorable Court as follows.

## I.
## JURISDICTION

1.   This is civil action within the admiralty and maritime jurisdiction conferred in Article 3, Section 2, of the United States Constitution, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1333, 46 U.S.C. § 740, and Rule 9(h) of the Federal Rules of Civil Procedure. The Defendant vessel was within this District at the time of the incident in question and, therefore, within the jurisdiction of this Honorable court.  The P&I Club for the vessel has issued the attached Letter of Undertaking indicating it will answer the suit in lieu of seizure for jurisdictional/judgment purposes.

## II.
## PARTIES

2.   Kirby Inland Marine, LP is a company duly organized and existing under and by virtue of the laws of the State of Texas, having its principle place of business in Houston, Harris County, Texas.  Kirby Inland Marine, LP is the owner of the M/V CAPT SHORTY C. and Barge KIRBY 30026.

3.    The *In Rem* Defendant, M/V VEREINA, is a vessel of 145 gross tons. The *In Rem* Defendant, M/V VEREINA has been or will be within the District.  The Defendant vessel may be served through its representative, under an existing Letter of Undertaking, William A. Durham, Eastham, Watson, Dale and Forney, 808 Travis, Suite 1300, Houston, Texas 77002.

4.    At all times material, Defendant Keybridge Shipping Ltd. is and was a foreign corporation with its principal place of business and registered office in Cyprus and was the owner, operator, and/or entity in control of the subject vessel.  Keybridge Shipping Ltd. may be served with process pursuant to The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

5.    At all times material, Defendant COLUMBIA Shipmanagement (Deutschland) GmbH is and was a foreign corporation with its principal place of business and registered office at Große Elbstraße 275 - 22767 Hamburg – Germany and was the owner, operator, and/or entity in control of the subject vessel.  COLUMBIA Shipmanagement (Deutschland) GmbH may be served with process pursuant to The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

## III.
## __GENERAL ALLEGATIONS__

At or about 2140 hours on September 16 2011, the M/V CAPT SHORTY C., while pushing the Barge KIRBY 30026 inbound in the Houston Ship Channel, the M/V VEREINA in the vicinity of Greensport Terminal, Houston, Texas, collided with the M/V CAPT SHORTY C. and her tow, specifically impacting and causing damages to the area near the starboard wing tank of the Barge KIRBY 30026, as well as tearing a button off the deck of the M/V CAPT SHORTY C.

Prior to the collision, the M/V CAPT SHORTY C. and the M/V VEREINA entered into a passing agreement whereby it was agreed that the M/V VEREINA would allow the M/V CAPT SHORTY C. safe passage.

The M/V VEREINA did not allow the M/V CAPT SHORTY C. safe passage, and as a result, impeded the navigation of the M/V CAPT SHORTY C., causing this collision, and as a result violated the Pennsylvania Rule.

The owners, charterers, managers, and or operators of the M/V VEREINA were negligent in operating and/or manning and/or training and/or controlling the M/V VEREINA and the Captain and/or Pilot of the M/V VEREINA were negligent in her navigation on September 16, 2011 before and at the time of this incident, and such negligence resulted in the aforementioned collision and related damages.

As a result of this collision, M/V CAPT SHORTY C. and Barge KIRBY 30026 was rendered inoperable and had to be taken out of service to be repaired.

As a result of this negligence, M/V CAPT SHORTY C. and Barge KIRBY 30026 sustained severe damage including but not limited to physical damage, cost of repairs, delay, loss of business, and loss of use.

Furthermore, also as a direct result of the aforementioned negligence, Kirby Inland Marine LP has incurred demurrage, expenses and economic loss.

The aforementioned collision and the resulting damages to Barge KIRBY 30026 and to the M/V CAPT SHORTY C. were solely and proximately caused by the fault and negligence of the Defendants and the fault, negligence and unseaworthiness of the M/V VEREINA, and the failure Defendants to exercise reasonable care and observe the standards of good and prudence seamanship in the following respects, among others, which will be shown at trial:

(a) The M/V VEREINA was unseaworthy;

(b) The M/V VEREINA failed to properly navigate in accordance with the applicable rules of navigation, passing agreement, and customs of the port;

(c) The M/V VEREINA failed to maintain a proper lookout; and

(d) The M/V VEREINA failed to take reasonable action to prevent the collision or minimize the effect thereof.

(e) The M/V VEREINA failed to follow the applicable rules of navigation, passing agreement, and customs of the port, and as a result violated the Pennsylvania Rule.

The collision and associated damages to Plaintiff's vessel, M/V CAPT SHORTY C. and Barge KIRBY 30026 were not caused or contributed to, by any fault of Plaintiff.

The premises of this complaint are true and correct within the admiralty and maritime jurisdiction of this court.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants as follows:

(a) That process and due form of law according to the form and practice of this honorable court in causes of admiralty and maritime jurisprudence the issue against the M/V VEREINA;

(b) That Plaintiff has a decree for its damages aforesaid, with interest and costs;

(c) That process be issued and that this court adjudge the decree that Defendants pay to Plaintiff its damages the aforesaid, plus fair and reasonable attorneys fees, together with interest, for costs of court and for such other and further relief as may be just and proper.

Respectfully Submitted,

STEPP & SULLIVAN, P.C.

_____/s/_____
Jad J. Stepp
State Bar No. 19169100
1010 Lamar Street, Suite 810
Houston, Texas 77002
Telephone:  (713) 336-7200
Facsimile:   (713) 336-7205

**ATTORNEYS FOR DEFENDANT KIRBY INLAND MARINE, L.P.**