IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIRBY INLAND MARINE, LP, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | C.A. NO. 4:12-cv-591 |
| M/V VEREINA, her equipment, tackle, and appurtenances, etc., *in rem*, KEYBRIDGE SHIPPING LTD., *in personam*, and COLOMBIA SHIPMANAGEMENT (DEUTSCHLAND) GMBH, *in personam*, | § § § § § § § | (ADMIRALTY) |
| Defendants. | § | |

## ORIGINAL ANSWER and COUNTERCLAIM of CLAIMANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Claimant, Keybridge Shipping Ltd. to file this Original Answer and Counterclaim, respectfully showing as follows:

### ANSWER

### FIRST DEFENSE

Claimant reserves any and all rights it may have under Federal Rule of Civil Procedure 12(b).

### SECOND DEFENSE

Claimant answers the allegations contained in Plaintiff's Verified Complaint in corresponding numbered paragraphs as follows:

1.  Claimant admits the allegations contained in Paragraph 1 of Plaintiff's Verified Complaint.

2. Claimant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Verified Complaint; alternatively they are denied.

3. Claimant admits the allegations contained in Paragraph 3 of Plaintiff's Verified Complaint.

4. Claimant admits the allegations contained in Paragraph 4 of Plaintiff's Verified Complaint.

5. Claimant admits the allegations contained in Paragraph 5 of Plaintiff's Verified Complaint.

6. Claimant admits only that the Barge KIRBY 30026 made contact with the M/V VEREINA at or about 2140 hours on September 16, 2011, in the area of Greensport Terminal, Port of Houston, Texas. Claimant is without sufficient knowledge to admit or deny the remaining allegations contained in the first unnumbered paragraph on page 3 of Plaintiff's Verified Complaint; alternatively, they are denied.

7. Claimant denies the allegations contained in the second unnumbered paragraph on page 3 of Plaintiff's Verified Complaint.

8. Claimant denies the allegations contained in the third unnumbered paragraph on page 3 of Plaintiff's Verified Complaint.

9. Claimant denies the allegations contained in the fourth unnumbered paragraph on page 3 of Plaintiff's Verified Complaint.

10. Claimant is without sufficient knowledge to admit or deny the allegations contained in the fifth unnumbered paragraph on page 3 of Plaintiff's Verified Complaint; alternatively, they are denied.

11. Claimant denies the allegations contained in the last unnumbered paragraph on page 3 of Plaintiff's Verified Complaint.

12. Claimant denies the allegations contained in the first unnumbered paragraph on page 4 of Plaintiff's Verified Complaint.

13. Claimant denies the allegations contained in the second unnumbered paragraph on page 4, including sub-parts (s) – (e), of Plaintiff's Verified Complaint.

14. Claimant denies the allegations contained in the third unnumbered paragraph on page 4 of Plaintiff's Verified Complaint.

15. Claimant denies the allegations contained in the fourth unnumbered paragraph on page 4 of Plaintiff's Verified Complaint.

## CLAIMANT'S COUNTERCLAIM AGAINST PLAINTIFF

1. Claimant, Keybridge Shipping Ltd. alleges the following counterclaim against Plaintiff, Kirby Inland Marine, LP, and respectfully shows as follows:

2. Claimant/Counterclaimant, Keybridge Shipping Ltd. is a foreign business entity organized and existing under the laws of Germany, with its principal place of business at Grosse Elbstrasse 275, 22767 Hamburg, Germany.

3. Plaintiff, Kirby Inland Marine, LP, is a Texas corporation which maintains its principal place of business in Houston, Harris County, Texas. Service of this counterclaim is effected by filing of the Counterclaim herein.

4. On September 16, 2011, the M/V VEREINA sailed from the South Central Cement terminal at approximately 2050 hours to shift to a berth at Greensport Terminal in the Port of Houston. The plan to shift the vessel, established by the Compulsory Harbor Pilot onboard, was to complete transit and then before docking at Greensport Terminal, turn the VEREINA in order to berth portside to the dock.

5. At the time the VEREINA was shifting to Greensport Terminal, the M/V CAPT SHORTY C was pushing the Barge KIRBY 30026 inbound in the Houston Ship Channel in the vicinity of Greenport Terminal. In order for the VEREINA to make the turn and dock portside at Greensport, the M/V CAPT SHORTY C and the M/V VEREINA entered into a passing agreement whereby it was agreed that the M/V CAPT SHORTY C would hold up and allow the VEREINA to make the turn to berth.

6. Despite the agreement, the M/V CAPT SHORTY C did not hold up and as a direct and proximate result, collided with the VEREINA. The negligence of Plaintiff, Kirby Inland Marine, LP, will be shown at the trial of this matter, in the following respects:

    a. The M/V CAPT SHORTY C disregarded the passing agreement with the VEREINA;

    b. The M/V CAPT SHORTY C was unseaworthy, inasmuch as it had insufficient ability to maintain control of its movements;

    c. The M/V CAPT SHORTY C was manned by an incompetent and/or inexperienced crew provided by Kirby Inland Marine, LP;

    d. The M/V CAPT SHORTY C failed to maintain an attentive and proper lookout;

    e. The M/V CAPT SHORTY C was carelessly and negligently navigated, without taking into consideration all forces to be considered by a competent navigator;

    f. The M/V CAPT SHORTY C failed to properly monitor its VHF radios.

7. Claimant reserves the right to amend this counterclaim to allege other faults on the part of the Plaintiff as the facts pertaining to this casualty become more fully developed.

8. As a proximate result of the foregoing events, Claimant has sustained damages in the amount of $28,684.00, plus interest and costs.

WHEREFORE, PREMISES CONSIDERED, Claimant, Keybridge Shipping Ltd. prays that:

a) Plaintiff's claims be dismissed or, in the alternative, that upon final hearing thereof, judgment be entered that Plaintiff take nothing by its suit;

b) Render judgment against Plaintiff in favor of Claimant in the amount of $28,684.00 plus interest;

c) Claimant be awarded its costs incurred in defense of this action;

d) and for all other and further relief, both in law and in equity, as to which Claimant may be justly entitled.

Respectfully submitted,

_____
William A. Durham
State Bar No. 06281800
S.D.TX. Adm. ID No. 4172
Mary Holmesly
State Bar No. 24057907
S.D.TX. Adm. ID No. 890192
808 Travis, Suite 1300, Niels Esperson Building
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax

*Attorneys for Claimant, Keybridge Shipping Ltd.*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that I forwarded a true and correct copy of the foregoing instrument to the following counsel of record on this the 30th day of March, 2012.

Jad J. Stepp  
1010 Lamar  
Suite 810  
Houston, Texas 77010  
T: 713-336-7200  
F: 713-336-7205  
jstepp@ss-pc.com

                                                      William A. Durham